**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4176**

_____

UNITED STATES OF AMERICA,

                 Plaintiff – Appellee,

      v.

SHADARRYL TURNER, a/k/a D, a/k/a Ditto, a/k/a Van Ditto, a/k/a Shad,

                 Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:09-cr-00316-F-1)

_____

Submitted: October 26, 2016      Decided: November 23, 2016

_____

Before WILKINSON, SHEDD, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Jennifer C. Leisten, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Jon Stuart Bruce, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shadarryl Turner appeals from the district court's judgment revoking his supervised release and sentencing him to 24 months' imprisonment. On appeal, Turner challenges his sentence. We affirm.

We review sentences imposed upon revocation of supervised release to determine whether they "fall[] outside the statutory maximum" or are "plainly unreasonable." United States v. Padgett, 788 F.3d 370, 373 (4th Cir.) (internal quotation marks omitted), cert. denied, 136 S. Ct. 494 (2015). "In determining whether a sentence is plainly unreasonable, we first decide whether the sentence is unreasonable[,] . . . follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). "Only if a revocation sentence is unreasonable must we assess whether it is plainly so." Padgett, 788 F.3d at 373.

A revocation sentence is procedurally reasonable if the district court considered the policy statements in Chapter Seven of the U.S. Sentencing Guidelines Manual and the applicable § 3553(a) factors. Id.; see 18 U.S.C. § 3583(e) (2012). The court must provide an adequate statement of reasons for the revocation sentence it imposes, but this statement need not be as specific or as detailed as that required in imposing an

2

original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010); see United States v. Webb, 738 F.3d 638, 642 (4th Cir. 2013) ("[M]ere reference to [factors omitted from § 3583(e)] does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors."). A revocation sentence is substantively reasonable if the court stated a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440. The sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a); see 18 U.S.C. § 3583(e). However, "the sentencing court retains broad discretion to . . . impose a term of imprisonment up to the statutory maximum." Padgett, 788 F.3d at 373 (internal quotation marks omitted).

Our review of the record reveals no procedural or substantive error by the district court. After properly calculating the policy statement range, the court considered counsels' arguments, the Chapter Seven policy statements, and the relevant § 3553(a) factors, and adequately explained Turner's sentence. The court's passing reference to promoting respect for the law, in the context of the court's reasoning as a whole, does not render the sentence plainly unreasonable. Accordingly, we affirm the district court's judgment.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED
